IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

AUNDREY DARROUGH                                                                    PLAINTIFF

v.                                          4:22CV00700-BRW-JTK

AMANDA RODGERS                                                                    DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.   **Introduction**

Aundrey Darrough ("Plaintiff") is incarcerated at the Lincoln County Detention Center ("Detention Center"). Plaintiff sued Detention Center Administrator Amanda Rodgers in her official and personal capacities under 42 U.S.C. § 1983. (Doc. No. 2 at 1-2).

Plaintiff alleged that Defendant Rodgers was listening in on Plaintiff's calls with his attorney. (Doc. No. 2 at 4). Plaintiff's claims are based on what another inmate told Plaintiff. According to the other inmate, Defendant Rogers told the inmate that Plaintiff told Plaintiff's attorney that Plaintiff would give information about other inmates to get a lesser sentence. (Id.). Defendant Rodgers purportedly then spread this story to other individuals in custody at the

Detention Center. (Id.). Plaintiff believes Defendant Rodgers did so with the intent of having other inmates attack Plaintiff. (Id.).

Defendant Rodgers has filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the issue of exhaustion. (Doc. Nos. 15-17). Plaintiff has responded and Defendant Rodgers has replied. (Doc. Nos. 19, 20).

After careful consideration of the record before me, and for the reasons explained below, I recommend Defendant Rodger's Motion be granted.

**II.    Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by

the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

### III. Analysis

Defendant Rodgers argues that Plaintiff failed to exhaust his claims against her. (Doc. No. 16).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d

3

624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

At the time of the incidents giving rise to this lawsuit, the Detention Center had in place a grievance procedure.  (Doc. No. 17 at ¶¶ 9-17; Doc. No. 17-4).  Pursuant to the procedure, detainees have the opportunity to present written grievances, which will be promptly investigated and, if legitimate, satisfactorily resolved. (Doc. No. 17-4 at 1.)  A grievance form may be obtained from any Detention Officer upon request.  (<u>Id</u>.).  In the grievance, "[t]he detainee must clearly describe all facts and all request[s], then give the grievance to any Detention Officer."  (<u>Id</u>.).

Grievances are immediately reviewed to determine if the grieved matter is urgent.  (<u>Id</u>.).  Grieved emergencies receive immediate attention; other valid grievances are "resolved within a reasonable amount of time."  (<u>Id</u>.).  Whether a grievance is found to be with our without merit, Detention Center officials respond to the grievance in writing within 10 working days of the date the grievance was received.  (<u>Id</u>.).  Emergency grievances are responded to within 48 hours of receipt. (Doc. No. 17-4 at 2).  Responses to grievances provide the factual basis for the grievance's disposition. (<u>Id</u>.).  A grievant may appeal any grievance response, or the lack of a response.  (<u>Id</u>.).  A grievance appeal is the last step in the Detention Center's grievance procedure.

In support of her Motion, Defendant Lane submitted the grievances and requests Plaintiff filed. (Doc. No. 17-3).  The Court has reviewed these documents, and none of the grievances or requests relate to Plaintiff's claims in this case.

As an initial matter, the Court notes that while Plaintiff filed a Response, he has not controverted any material fact set forth by Defendants in their statement of indisputable material

4

facts. Accordingly, all material facts submitted by Defendants (Doc. No. 17) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e).

Instead, in Plaintiff's Response he references a September 14, 2022 mental health request and seeks to "show[] how [Defendant] Rodgers['] conduct in retaliation is at play [which] was the reason [Plaintiff] didn't exhaust the grievance process . . . ." (Doc. No. 19 at 1). Plaintiff also raised retaliation in his reply to the Court's Initial Scheduling Order. (Doc. No. 14). In the reply, Plaintiff wrote: "I feel like there would have been [retaliation] on me if I would have exhausted the grievance process out [due] to the fact that the person I filed the civil lawsuit against is the same person that is over the grievance process and I've seen how they do things." (Id.).

Fear of retaliation may render the grievance procedure unavailable. East v. Minnehaha Cnty., 986 F.3d 816, 821 (8th Cir. 2021).

Plaintiff says he filed another lawsuit against Mrs. Rodgers for retaliation, Darrough v. Rodgers, 4:22-cv-00855-LPR. (Doc. No. 19 at 1). But Plaintiff's claims against Defendant Rodgers in Darrough v. Rodgers, 4:22-cv-00855-LPR were not served. It is uncontested that Defendant Rodgers had no knowledge of Plaintiff's claims against her. (Darrough v. Rodgers, 4:22-cv-00700-BRW-JTK, Doc. No. 17-1 at ¶ 9). As such, Defendant Rodgers could not have retaliated against Plaintiff based on that lawsuit. Plaintiff voluntarily dismissed the action some 10 days after it was filed.

Further, the retaliation alleged in Plaintiff's later lawsuit is retaliation for Plaintiff filing the case at hand. Darrough v. Rodgers, 4:22-cv-00855-LPR (Doc. No. 2 at 12) ("She really wasn't trying for me because of the pending civil lawsuit I got against her. Darrough v. Rodgers, 4:22-cv-00700-BRW-JTK."). Any alleged retaliation, then, took place after the case at hand was filed—not during the period when Plaintiff could have exhausted the grievance procedure as to claims

pending in this case. As such, the retaliation alleged in Darrough v. Rodgers, 4:22-cv-00855-LPR is not relevant to Defendant Rodgers' pending Motion.

Additionally, Plaintiff does not describe why he would fear retaliation by Defendant Rodgers during the period leading up to this lawsuit. And Plaintiff filed multiple grievances—ranging from medical and mental health issues to commissary purchases to Plaintiff's legal issues to food to the ice machine not working—before he filed the case at hand on August 5, 2022.[1] (Doc. No. 17-3). Neither the grievance Plaintiff cites in his Response nor anything else in the record indicates retaliation. The grievance cited in Plaintiff's Response is in connection with mental health care. The first time Plaintiff raised mental health in a grievance was August 22, 2022 – after this case was filed. (Id. at 16). Plaintiff had a mental health appointment on August 24, 2022 that Defendant Rodgers needed to reschedule, purportedly because the therapist was out of the office due to a family emergency. (Id.). Plaintiff responded: "That's alright on the Mental Health. I'll get some when I get out of here. Thanks anyway may god bless you." (Id.). Plaintiff filed another Mental Health request on September 7, 2022, again asking about an appointment. (Id. at 26). Plaintiff told Defendant Rodgers "don't worry about it." (Id.).

Plaintiff then filed a Mental Health request, cited in his Response, dated September 14, 2022 complaining that he had not yet received mental health care. (Doc. No. 19 at 3-5). By September 21, 2022, Defendant Rodgers "got [Plaintiff] in mental health." Darrough v. Rodgers, 4:22-cv-00855-LPR, Plaintiff's Motion for Voluntary Dismissal (Doc. No. 4).

---

[1] The Court notes that one grievance references sending out "another 1983 form." (Doc. No. 17-3 at 11). That grievance is in connection with Plaintiff's legal issues and was filed on May 4, 2022, well before the case at hand. By that time, Plaintiff had another lawsuit filed in this Court: Darrough v. Hogg, 4:22-cv-00379-LPR.

Plaintiff did not offer evidence that Defendant Rodgers ever threatened Plaintiff or otherwise acted in such a way to cause Plaintiff to fear retaliation. Again, fear of retaliation may render the grievance process unavailable. But for that to be so, "[t]here must be some basis in the record from which the district court could determine that a reasonable prisoner of ordinary firmness would have understood the prison official's actions to threaten retaliation if the prisoner chose to utilize the prison grievance system." East, 986 F.3d at 821. There is no such basis here.

Plaintiff has not contested any undisputed material fact and he has not alleged that the grievance procedure was unavailable to him for any reason beyond fear of retaliation. Accordingly, Defendant Rodger's Motion should be granted and Plaintiff's claims dismissed without prejudice for failure to exhaust administrative remedies.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. Defendant Rodgers's Motion for Summary Judgment on the issue of exhaustion (Doc. No. 15) be GRANTED.

2. Plaintiff's claims against Defendant Rodgers be DISMISSED without prejudice for failure to exhaust.

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

Dated this 15th day of November, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE